UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3199 |
| | § | |
| GREATER HOUSTON SERVICE | § | |
| EXCHANGE, LLC, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Atlantic Casualty Insurance Co.'s ("Atlantic") motion to dismiss defendant Lloyd Maronge's counterclaims for declaratory relief and attorney's fees. Dkt. 12. Maronge has not responded, and therefore is unopposed to the motion. S.D. Tex. L.R. 7.4. After considering the motion, the counterclaims, and the applicable law, the court is of the opinion that the motion should be GRANTED.

Atlantic brought this case seeking a declaratory judgment against Greater Houston Service Exchange, LLC ("Greater Houston"), Maronge and Alejandro Sandival, seeking a declaration that it has no duty to defend, indemnify, and/or otherwise provide coverage under the terms of the general liability commercial insurance policy Atlantic Casualty holds for Greater Houston. Dkt. 2 at 5. This action arises from an underlying case involving the alleged defective installation of an attic ladder. Dkt. 2 at 3. In the underlying case, Maronge contacted Comcast to schedule service for his cable television. *Id.* During the service, a Comcast employee allegedly broke the ladder to Maronge's attic. *Id.* Comcast contracted with Greater Houston to replace the ladder in 2009, and Greater Houston allegedly sent Sandival to do the work. *Id.* In 2012, the ladder detached from its wooden

frame, and Maronge and his property were allegedly injured. *Id.* Maronge claimed that Sandival negligently installed the replacement ladder because it was inadequately secured to its wood frame structure. *Id.* at 4. Maronge brought several claims against Greater Houston, Sandival and Comcast. Atlantic asserts that it should not have to defend or indemnify Greater Houston under the policy because the work was completed prior to the policy period's effective dates, and several of the policies' contractual provisions otherwise exclude coverage. Dkt. 2 at 5–13.

In the present motion, Atlantic explains that "Maronge does not formally assert counterclaims against [Atlantic], but does include in the prayer his answer a request for (a) all declaratory relief by Greater Houston Service Exchange (sic); (b) a declaration that Scottsdale . . . owes a duty to defend all claims asserted by Defendants pursuant to policy number L188000529; and (c) that Maronge recover costs and attorney's fees as allowed by law." Dkt. 12 at 2. These are the requests for relief that Atlantic seeks to have dismissed. Atlantic moves for dismissal on several bases, but common to all of claims is its argument that the counterclaims should be dismissed under Rule 12(b)(6). Maronge did not respond to Atlantic's motion and is therefore unopposed to the motion. S.D. Tex. L.R. 7.4.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Because the court determines that Atlantic's Rule 12(b)(6)

argument succeeds in dismissing all of the counterclaims, the court will not consider Atlantic's additional arguments.

It is unclear whether Maronge's answer intends to assert counterclaims, but at the very least it does seek a declaratory judgement and attorney's fees.  To the extent Maronge intended the requests for relief to be counterclaims, however, they have not been properly pled under the Rule 12(b)(6) standard.  Maronge pleads no facts to support his claims that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Accordingly, to the extent these statements were intended to be counterclaims, they are **DISMISSED.**

It is so **ORDERED.**

Signed at Houston, Texas on April 29, 2015.

_____
Gray H. Miller
United States District Judge